## Maron's Estate

*Bell, Trinkle, Truscott & Bell*, for exceptant.
*Donahue, Irwin, Merritt & Gest*, contra.

HENDERSON, J., June 1, 1934.—The exceptant in her brief succinctly states her case: "The question involved in the Laura Maron estate and in the Alfred C. Maron estate boils down in the last analysis to whether the testator, Conrad Maron, by his will, intended to exclude Marcelle Maron (and her issue) indi-vidually from all accrual shares."

The will is very explicit—after the death of the widow, the testator gave one quarter of his estate in trust for Laura and at her death to her issue. Failing issue, she might appoint in favor of Marcelle and her issue. There was no issue, and she refused so to appoint.

The will then provided: ". . . in default of such appointment then the said share of the said residuary estate shall be held upon the same terms as are hereinafter provided for my other children and their issue, excepting therefrom the said Marcelle Maron and her children and issue."

Upon the death of Emily, there accrued to Laura's trust one third of three quarters of Emily's one quarter of the corpus, Emily having appointed one quarter of her share to Marcelle. The remaining two thirds of the three quar-

ters of Emily's one quarter were awarded equally to the trusts for Alfred and Conrad.

In the adjudication of the account filed by reason of Emily's death, one sixth of three quarters of Emily's one quarter was awarded to the trust for Conrad's children and issue, but the auditing judge reviewed and amended his adjudication, directing that this one sixth should be retained by the trustee until it was determined if Conrad had other issue than Marcelle. The gift over in this trust was that it should "be held upon the same terms of trust as are hereinafter provided for my other children and their issue, excepting therefrom the said Marcelle Maron and her children and issue."

We thus see that, in the trust for Emily, this court has determined that this clause—excepting Marcelle—is one of exclusion, and does not mean including Marcelle.

This is another fund, and hence the question is not res judicata. Identical language is used in the trust for Laura. We have reëxamined the question in the light of further argument and are of the same opinion, and hence none of this original trust can pass to Marcelle.

It is argued, however, that Marcelle should receive a part of the share which accrued to this trust share by reason of the death of Emily, but we find that this accrued share came over impressed with the qualification—"excepting therefrom the said Marcelle Maron and her children and issue."

In sustaining exceptions to the adjudication upon the account filed by reason of the death of Conrad, Judge Van Dusen ruled that the exclusion of Marcelle from Emily's share "must adhere to Emily's share to the end." And we now so rule: Maron's Estate, 10 D. & C. 167.

The exceptions are dismissed and the adjudications are confirmed absolutely.